In re Sharon Y. ALONGI, Debtor.

**Family Medical Associates, LLC, Plaintiff,**

v.

**Sharon Y. Alongi, Defendant.**

**Bankruptcy No. 00–5–9646–SD. Adversary No. 01–5260–SD.**

United States Bankruptcy Court, D. Maryland, at Baltimore.

June 25, 2001.

David Daneman, Bishop, Daneman & Reiff LLC, Baltimore, MD, for plaintiff.

David S. Musgrave, Piper & Marbury, Baltimore, MD, for defendant.

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR REMAND AND REMANDING THE ACTION TO THE CIRCUIT COURT FOR CARROLL COUNTY

E. STEPHEN DERBY, Bankruptcy Judge.

Before the court is Plaintiff's Emergency Motion for Remand (P. 5) and supporting memorandum (P. 6), and Defendant's response in opposition (P. 7). Because the court lacks subject matter jurisdiction over the removed action, the court will grant the Plaintiff's motion and remand this proceeding to the Circuit Court for Carroll County (Maryland).

On May 8, 2001 Plaintiff, Family Medical Associates, L.L.C. ("FMA") initiated a civil action in the Circuit Court for Carroll County. The action requested preliminary and permanent injunctive relief to enforce certain restrictive covenants contained in a Physician Employment Agreement between FMA and the Debtor, Dr. Sharon Alongi. The Circuit Court issued a temporary restraining order against Dr. Alongi on May 15, 2001, which expired at 5:00 p.m. on May 23, 2001.

On May 16, 2001, the day after the Circuit Court issued a temporary restraining order against Dr. Alongi, Dr. Alongi filed a Notice of Removal in which she removed the Circuit Court action to this court pursuant to Fed.R.Bankr.P. 9027(a). Two days later, FMA filed an Emergency Motion for Remand. In its motion, FMA primarily argues the court lacks jurisdiction to hear the removed case because it is not a core proceeding, it does not arise under the Bankruptcy Code, it does not arise in the bankruptcy case and it is not related to the bankruptcy case. FMA emphasizes that the court has already ruled the restrictive covenants contained in the Physician Employment Agreement between Dr. Alongi and FMA survived rejection of the employment agreement, became effective post-petition upon Dr. Alongi's termination of her employment FMA, and were enforceable against Dr. Alongi. In a supporting memorandum filed on May 25, 2001, FMA addresses equitable factors the court should consider if it had subject matter jurisdiction over the removed action.

Dr. Alongi opposes FMA's request to remand this action. In her Notice of Removal, Dr. Alongi asserted the underlying action was a "core" proceeding pursuant to 28 U.S.C. § 157. Although she does not provide any additional jurisdictional basis in her memorandum opposing FMA's motion to remand, she correctly points out that when FMA filed a very similar action in this court several months ago, FMA too claimed the action was a core proceeding. Addressing equitable factors, Dr. Alongi notes that she has recently filed a motion to consolidate this action with another adversary proceeding involving the same two parties and many of the same operative facts. She contends that consolidating the two matters would best serve the interests of judicial economy because the court has already reviewed the contractual provisions at issue. She also contends denying the motion to remand would allow her to avoid unnecessary costs.

### Discussion

■ In evaluating a motion to remand pursuant to 28 U.S.C. § 1452(b), the Court must first determine whether the action was properly removed. *See Montague Pipeline Tech. Corp. v. Grace/Lansing (In re Montague Pipeline Tech. Corp.)*, 209 B.R. 295, 298 (Bankr.E.D.N.Y.1997); *9281 Shore Road Owners Corp. v. Seminole Realty Co.(In re 9281 Shore Road Owners Corp.)*, 214 B.R. 676, 695 (Bankr.E.D.N.Y.

1997). Removal is governed by 28 U.S.C. § 1452(a) which states, in pertinent part, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 . . ." 28 U.S.C. § 1452(a). Section 1334(a) grants federal district courts "original and exclusive jurisdiction of all cases under title 11" and section 1334(b) grants courts original but not exclusive jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §§ 1334(a) and (b).

It is not necessary to distinguish between proceedings "arising in," "arising under," or "related to" bankruptcy cases under Title 11. Legislative History indicates that the phrases were not used to refer to different matters, but to "operate conjunctively to define the scope of jurisdiction." *Wood v. Wood (In re Wood),* 825 F.2d 90, 93 (5th Cir.1987), *citing* S.Rep. No. 989, 95th Cong., 2d Sess., 153–54 (1987), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5866–67. The only necessary determination here is whether the proceeding is related to the bankruptcy. *In re Wood,* 825 F.2d at 93.

 FMA's claims are not "related to" Dr. Alongi's title 11 bankruptcy case. In *Owens–Illinois, Inc. v. Rapid American Corp. (In re Celotex Corp.),* 124 F.3d 619, 625–626 (4th Cir.1997), the Court of Appeals for the Fourth Circuit adopted the test set forth in *Pacor, Inc. v. Higgins,* 743 F.2d 984 (3rd. Cir.1984), for determining whether a civil proceeding "relates to" a bankruptcy case. According to that test: [W]hether a civil proceeding is related to bankruptcy is [determined by] whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.*

Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*Pacor,* 743 F.2d at 994 (emphasis in original) (citations omitted). The Court of Appeals for the Fourth Circuit has construed the *Pacor* test broadly, stating that the test "does not require certain or likely alteration of the debtor's rights, liabilities, options or freedom of action, nor does it require certain or likely impact upon the handling and administration of the bankruptcy estate. The possibility of such alteration or impact is sufficient to confer jurisdiction." *In re Celotex Corp.,* 124 F.3d at 626.

In *Celotex,* Celotex Corporation ("Celotex") and Owens–Illinois, Inc. ("Owens") were found jointly and severally liable for personal injuries caused by products containing asbestos. Owens satisfied both its own and Celotex's allocated shares of the judgment. *Id.* at 622. Celotex then filed a Chapter 11 petition and Owens sued another jointly-liable tortfeasor, Rapid American Corporation ("Rapid") for contribution. *Id.* at 623. Rapid removed the action to federal district court, and Owens moved to remand to state court because, *inter alia,* the federal court lacked jurisdiction over the removed action. *Id.* The Fourth Circuit found the federal court had jurisdiction over the contribution action because it related to Celotex's bankruptcy case. *Id.* at 626. In support of its decision, the court found that any recovery by Owens in the contribution action would reduce Owens's claim against the Celotex bankruptcy estate by the same amount, which would alter the liabilities of the Cel-

otex bankruptcy estate. It also ruled that because of an indemnity agreement between Rapid and Celotex, any recovery by Owens in its contribution action against Rapid would "affect the handling and administration of the Celotex bankruptcy estate by changing the character of Rapid's indemnification claim against Celotex from contingent and unliquidated to certain and liquidated." *Id.* The court also found this significant because it "would obviate the need to estimate the amount of Rapid's claim under Bankruptcy Code § 502(c), which requires that a contingent or unliquidated claim be estimated if the bankruptcy court determines that the fixing or liquidation of a claim would unduly delay the administration of the bankruptcy case." *Id.*

The court rejected Owens's argument in *Celotex* that regardless of which company, Owens or Rapid, brought an action for contribution against Celotex, the bankruptcy estate would have the same amount of potential liability. According to Owens, since Celotex faced the same amount of potential liability to either prospective plaintiff, the civil action between Owens and Rapid "would reduce its claim against the Celotex bankruptcy estate by the same amount that it would increase Rapid's claim against it." *Id.* The court rejected this argument because the indemnity agreement between Rapid and Celotex covered costs Rapid incurred defending itself in the contribution action. If Owens had sued Celotex, it would not have recovered such costs. As a result, the court found that Celotex would actually face greater potential liability if sued by Rapid than if sued by Owens. This difference in potential liability could have conceivably affected the administration of the bank-

ruptcy estate. Therefore the court deemed the contribution action between Owens and Rapid related to Celotex's bankruptcy case.

■ The facts in this case do not approach even the expansive view of "related to" jurisdiction in *Celotex.* This court has already ruled that the conduct giving rise to FMA's claim occurred post-petition and is not property of the estate under 11 U.S.C. § 541. *See Case No. 00–5–9646–SD, Mem.Op. and Order Granting in Part and Denying in Part Debtor's Request for Declaratory Relief.* In addition, this is a Chapter 7 liquidation in which the Trustee has already filed a report of no distribution. This is not a Chapter 11 reorganization, as was the case in *Celotex.* Therefore, whether or not FMA successfully enforces the covenants at issue, such relief would not affect compliance with a plan of reorganization, nor would it change the character or amount of any claim against Dr. Alongi's bankruptcy estate. In sum, if the court were to hear and decide this action, it would not have any conceivable effect on the administration of Dr. Alongi's bankruptcy estate.

Because the court lacks subject matter jurisdiction over the removed proceeding, it will be remanded to the Circuit Court for Carroll County pursuant to 28 U.S.C. § 1447(c).[1]

■ FMA has requested that Dr. Alongi be required to pay FMA's attorney fees and costs incurred in this matter, and 28 U.S.C. § 1447(c) authorizes the court, in its discretion, to award actual expenses incurred as a result of the removal. Such an award, in this proceeding, however, would be inappropriate. It is very unbe-

---

1. 28 U.S.C. § 1447(c) provides, in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remand-

ed. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

coming that FMA should even request attorney fees and costs when they filed and later voluntarily dismissed a nearly identical action for injunctive relief in this court and later opposed Dr. Alongi's request for an award of attorney fees. Adv. No. 01–5086–SD. Dr. Alongi's request for attorney's fees was denied in that adversary proceeding, and accordingly, FMA's request for costs, fees and expenses will be denied here. Dr. Alongi has also requested attorney fees and costs; however, she has not provided any statutory or other basis for this request. Consequently, this request will also be denied.

Therefore, it is, this _____ day of June 2001, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED,** that Plaintiff's Emergency Motion for Remand this action to the Circuit Court for Carroll County pursuant to 28 U.S.C. § 1452(b) is **GRANTED;** and it is further

**ORDERED,** that this Adversary Proceeding, No. 01–5260–SD, is remanded to the Circuit Court for Carroll County; and it is further

**ORDERED,** that Family Medical Associates' request for attorney fees and expenses is **DENIED;** and it is further

**ORDERED,** that Dr. Alongi's request for attorney fees and expenses is **DENIED.**